**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**15 CV 3540**

COMPLAINT

**Jury Trial Demanded**

EDITH FARINA AND EMILIO FARINA,

against

THE BANK OF NEW YORK, as Trustee for
the CHL MORTGAGE PASS-THROUGH
TRUST 2007-8; RESIDENTIAL CREDIT
SOLUTIONS, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; And Does 1-10 inclusive;



U.S. DISTRICT COURT
FILED
APR 3 0 2015
S. D. OF N.Y.

---

### I.    PARTIES IN THIS COMPLAINT:

1. Plaintiffs Edith Farina and Emilio Farina, (hereinafter referred as "Plaintiffs")are residents of the State of New Jersey and the lawful owners of a parcel of Real Property, (hereinafter "Subject Property"), commonly known as: 35 Mahlon Court. Toms River, NJ 08753.

2. The Subject Property is located in Ocean County, State of New Jersey.

3. Through belief, Defendant, The Bank of New York ("BNY"), is and at all times herein mentioned was conducting ongoing business in the County of Union, State of New Jersey.

4. BNY is a national association organized under the laws of New York, with its headquarters and principal place of business located at 1 Wall St, New York, NY 10286.

5. At all relevant times, BNY has transacted and continues to transact business throughout the State of New Jersey, including Ocean County.

6. Defendant, Residential Credit Solutions, Inc. ("RESIDENTIAL"), is a national bank servicing association organized under the laws of Texas with its headquarters and principal place of business located at 4282 North Freeway. Fort Worth, TX 76137.

7. At all relevant times, RESIDENTIAL has transacted and continues to transact business throughout the State of New Jersey, including Ocean County.

8. Defendant, Mortgage Electronic Registration Systems, Inc. ("MERS"), is a corporation duly organized and existing under the laws of Virginia, whose last known address is 1818 Library Street, Suite 300, Reston, Virginia 20190.

9. At all relevant times, MERS has transacted and continues to transact business throughout the State of New Jersey, including Ocean County.

10. Plaintiffs are further informed, believe, and thereon allege, that Defendant MERS is the purported Beneficiary under the Deed of Trust and is a participant in the imperfect securitization of the Note and the Deed of Trust, as more particularly described *Infra*.

11. Plaintiffs are unaware of the true names of Defendants sued as DOES 1 through 10 and therefore sues these Defendants by fictitious names as persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the Subject Property described in the Complaint.

12. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

## II.   BASIS FOR JURISDICTION

13. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 USC § 1332.

14. Plaintiffs are residents of the State of New Jersey.

15. Defendant BNY is a business entity organized in this District.

16. The remaining Defendants are business entities organized in a state or jurisdiction other than the State of New York with their respective headquarters and principal place of business located in a state or jurisdiction other than New York. *See ¶¶ 3-9, supra.*

17. The amount in controversy exceeds $75,000.00.

### III.   VENUE

18. Venue lies in this District pursuant to 28 USC § 1391(b).

### IV.   STATEMENT OF CLAIM

19. Plaintiffs bring this action against Defendants for damages and harm resulting from Defendants' negligent, fraudulent and unlawful conduct concerning a residential mortgage loan transaction and foreclosure action.

20. This is an action brought for a declaratory judgment.

21. Defendant RESIDENTIAL is intending upon foreclosing on the Subject Property in Dispute (See Request for Judicial Notice Exhibit A), which is the subject crux of this action.

22. On May 2, 2007, Plaintiffs executed a negotiable promissory note and a security interest in the form of a residential Mortgage in the amount of $ 1,000,000.00.

23. This document was recorded as instrument number 2007.077741 in Book 13663, Page 1213 of the Official Records of Ocean County, New Jersey.

24. The original lender of the promissory note and beneficiary of the Mortgage is Countrywide Home Loans, Inc.

25. MERS is not named as the payee of the note, but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Security Deed.

**Declaratory Judgment is Appropriate and Plaintiffs meet all requirements under 28 U.S.C. §2201**

26. Plaintiffs allege that this case meets the requirements under the Declaratory Judgment Act, 28 U.S.C. §2201, which, in relevant part states:

> [A] District court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. *Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995)*.

27. In the case of *Grand Trunk W. R.R. Co. v. Consol. Rail Co., 746 F.2d 323 (6th Cir. 1984),* the Sixth Circuit established five factors to guide a district court in exercising its discretion under the Declaratory Judgment Act:

> (1) Whether the declaratory action would settle the controversy;
>
> (2) Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for *res judicata*;"
>
> (4) Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) Whether there is an alternative remedy which is better or more effective. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citing *Grand Trunk*, 746 F.2d at 326).

28. Plaintiffs submit that their Complaint meets all the *Grand Trunk* factors, and that, therefore this Court has the authority and jurisdiction with which to issue a Declaratory Judgment.

29. Plaintiffs allege that there is an actual "controversy" in the constitutional sense, with respect to RESIDENTIAL's stated intention to foreclose.

30. Plaintiffs allege that this court solely will be able to settle the issue, with a declaratory judgment, and therefore Plaintiffs hereby motion this Honorable Court, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. §2201, to issue an order, concurrently filed herewith, declaring the rights and duties of the parties involved in the instant case.

31. The fact that a declaratory judgment may be granted "whether or not further relief is or could be prayed" indicates that declaratory relief is alternative or cumulative and not exclusive or extraordinary.

32. A declaratory judgment is appropriate when it will "terminate the controversy" giving rise to the proceeding.

33. The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936).

34. The existence or nonexistence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared.

35. =

## V.    RELIEF

**WHEREFORE**, Plaintiffs Pro se pray this court enters a Declaratory Judgment determining the rights and duties of the parties involved in this lawsuit, and the impending foreclosure, for the following Declarations:

1. That Defendant BNY is the trustee of the securitized trust in the instant case and;

2. That Defendant RESIDENTIAL is the servicer of Plaintiff's loan.

3. That Defendant MERS is solely as a "nominee" for the lender as the beneficiary of the security interest Security Deed.

If his court deems this Motion ungrantable or inappropriate, Plaintiffs request, in the alternative, that this court *sua sponte*, grant instead a declaration of rights as permitted under *Hasselbring v. Koepke, 263 Mich. 466, 248 N.W. 869, 93 A.L.R. 1170 (1933).*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 16th day of April, 2015

Edith Farina, Plaintiff In Pro Per
35 Mahlon Court
Toms River, NJ 08753

Emilio Farina, Plaintiff In Pro Per
35 Mahlon Court
Toms River, NJ 08753

1  **UNITED STATES DISTRICT COURT**
   **SOUTHERN DISTRICT OF NEW YORK**
2

3  EDITH FARINA AND EMILIO FARINA,        **PLAINTIFFS' REQUEST FOR JUDICIAL**
4                                                            **NOTICE**
5
   against
6

7  THE BANK OF NEW YORK, as Trustee for
   the CHL MORTGAGE PASS-THROUGH
8  TRUST 2007-8; RESIDENTIAL CREDIT
   SOLUTIONS, INC.; MORTGAGE
9  ELECTRONIC REGISTRATION SYSTEMS,
   INC.; And Does 1-10 inclusive;
10

11

12  _____

13

14

15         Plaintiffs Pro Se Edith Farina and Emilio Farina, hereby requests the Court to take judicial notice

16  of the following record, pursuant to Federal Rule of Evidence 201 in conjunction with the instant lawsuit

17  commenced.

18     1.  A letter from Defendant Residential Credit Solutions, Inc., stating its intention to foreclose on

19         Plaintiff's Subject Property ("Exhibit A")

20

21

22

23

24

25

26

27

28

1  **UNITED STATES DISTRICT COURT**
2  **SOUTHERN DISTRICT OF NEW YORK**

3

4  EDITH FARINA AND EMILIO FARINA,                    **PROPOSED ORDER**

5

6   against

7

8  THE BANK OF NEW YORK, as Trustee for
   the CHL MORTGAGE PASS-THROUGH
   TRUST 2007-8; RESIDENTIAL CREDIT
9  SOLUTIONS, INC.; MORTGAGE
   ELECTRONIC REGISTRATION SYSTEMS,
10 INC.; And Does 1-10 inclusive;

11

12 _____

13

14 Based on the Motion for Declaratory Judgment presented by Plaintiffs Pro Se, and it appearing to the Court

15 that there is no harm which will come of determining the rights and duties of any party involved, IT IS

16 HEREBY ORDERED that the rights and duties of the parties are as follows:

17
        1.  That Defendant BNY is the trustee of the securitized trust in the instant case and;
18
19      2.  That Defendant RESIDENTIAL is the servicer of Plaintiff's loan.

20      3.  That Defendant MERS is solely as a "nominee" for the lender as the beneficiary of the

21          security interest Security Deed.

22

23 Dated this _____ day of _____, 2015.

24

25

26

27 _____

28 District Court Judge

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| EDITH FARINA AND EMILIO FARINA | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| THE BANK OF NEW YORK, as Trustee for the CHL MORTGAGE PASS-THROUGH TRUST 2007-8, Et. Al | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## 15 CV 3540

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  The Bank of New York -1 Wall St, New York, NY 10286

Residential Credit Solutions, Inc. - 4282 North Freeway. Fort Worth, TX 76137

Mortgage Electronic Registration Systems, Inc. -1818 Library Street, Suite 300

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Edith Farina and Emilio Farina, Plaintiffs In Pro Per
35 Mahlon Court
Toms River, NJ 08753

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                         *Server's signature*

                                                    _____
                                                         *Printed name and title*

                                                    _____
                                                         *Server's address*

Additional information regarding attempted service, etc: