NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3679
_____

EDITH FARINA; EMILIO FARINA,
Appellants

v.

THE BANK OF NEW YORK, as trustee for the CHL Mortgage Pass-Through
Trust 2007-8; RESIDENTIAL CREDIT SOLUTIONS, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS INC; DOES 1-10, inclusive
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-15-cv-03395)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 17, 2021

Before:  RESTREPO, SCIRICA and FISHER, *Circuit Judges*.

(Filed: September 28, 2021)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

_____

 * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Pro se appellants Edith and Emilio Farina challenge the District Court's order dismissing their complaint with prejudice. The District Court abstained under *Colorado River Water Conservation District v. United States*.[1] Because we conclude "that the kind of extraordinary circumstances warranting abstention under *Colorado River* are not present here," we will vacate the District Court's order and remand for further proceedings.[2]

I.[3]

In 2014, the Bank of New York Mellon filed a foreclosure action against the Farinas in New Jersey state court. In 2015, the state court granted the Bank's motion for summary judgment. Shortly thereafter, the Farinas filed a complaint in District Court seeking a declaratory judgment that, they hoped, would save their home from foreclosure. They implicitly challenged the Bank's standing to foreclose and requested that the District Court determine "the rights and duties of the parties."[4] The defendants moved to

---

[1] 424 U.S. 800 (1976).

[2] *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 304 (3d Cir. 2009).

[3] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. The defendants contend this appeal is now moot, because the Farinas agreed to a loan modification after filing the appeal, and because the state court granted summary judgment to the Bank in a subsequent foreclosure action. But the defendants have not shown that these "changes in circumstances . . . have forestalled any occasion for meaningful relief." *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003) (quoting *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987)). Absent such a showing, and given that the parties still vigorously dispute the Farinas' entitlement to declaratory relief, we see no basis to conclude the appeal is moot.

[4] Dist. Ct. Dkt. No. 1, at 5.

dismiss. The District Court held oral argument and dismissed the Farinas' complaint with prejudice, concluding: "[T]his Court abstains under the *Colorado River* doctrine."[5]

On appeal, the Farinas contend that *Colorado River* abstention was not warranted here. We appointed Mr. Richard Feder as *amicus curiae* and asked him to address whether there is a congressional policy against piecemeal litigation in foreclosure actions.[6] The *amicus*, finding no such policy, argues that abstention under *Colorado River* was not a proper basis for dismissal.[7] We agree.

"[F]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them' by Congress."[8] That obligation does not cease whenever there is parallel litigation in state court. Rather, under *Colorado River*, a parallel state proceeding opens the door to abstention only in "exceptional circumstances"—*i.e.*, when a "combination of factors counselling against [the] exercise" of jurisdiction creates "the clearest of justifications" for dismissal.[9]

One factor relevant to this inquiry is "the desirability of avoiding piecemeal litigation."[10] But that factor is satisfied only if there is "a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under

---

[5] App. 75.

[6] *See Ryan v. Johnson*, 115 F.3d 193, 198 (3d Cir. 1997).

[7] Mr. Feder has ably discharged his responsibilities as *amicus curiae*. We thank him for his service.

[8] *Ryan*, 115 F.3d at 195 (quoting *Colorado River*, 424 U.S. at 817).

[9] *Colorado River*, 424 U.S. at 813, 818-19.

[10] *Nationwide*, 571 F.3d at 308.

3

review."[11] For example, in *Colorado River* itself, the most important factor favoring abstention was that the McCarran Amendment,[12] which allows certain controversies over river waters to be litigated in state rather than federal court, evinced "a clear federal policy . . . [of] avoiding the piecemeal adjudication of water disputes."[13]

While a clear federal policy like the McCarran Amendment satisfies the piecemeal litigation factor, "no one factor is determinative" of a court's decision to abstain.[14] Other relevant factors include "[in an *in rem* case,] which court first assumed jurisdiction over [the] property"; "the inconvenience of the federal forum"; "the order in which jurisdiction was obtained"; "whether federal or state law controls"; and "whether the state court will adequately protect the interests of the parties."[15] "The balancing of factors is 'heavily weighted in favor of the exercise of jurisdiction.'"[16]

Before applying this framework to the present case, we note that *Colorado River* may be unavailable as a basis for abstention where, as here, the federal action seeks only a declaratory judgment. Under the Declaratory Judgment Act, a federal court has "unique and substantial discretion" to decide whether to stay or dismiss an action in favor of

---

[11] *Ryan*, 115 F.3d at 198.
[12] 43 U.S.C. § 666.
[13] *Ryan*, 115 F.3d at 197 (citing *Colorado River*, 424 U.S. at 819).
[14] *Id.* at 196.
[15] *Nationwide*, 571 F.3d at 308 (alterations in original) (citation omitted).
[16] *Id.* (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

parallel state proceedings.[17] Whether this means that *Colorado River*, which affords the court less discretion, is categorically inapplicable in the DJA context is an open question we need not resolve here. Instead, we assume without deciding that *Colorado River* abstention was an option, and conclude that the kind of exceptional circumstances warranting such abstention were not present.[18]

The District Court abstained here in part "to avoid piecemeal litigation."[19] However, the Court identified no "strongly articulated congressional policy against piecemeal litigation in the specific context of [this] case."[20] Nor are we aware of any such policy. The defendants cite various rules of New Jersey law; but these, by definition, are not congressional policies. Likewise, we are not persuaded that either the Anti-Injunction Act[21] or the federal removal statute[22] embodies a congressional policy against piecemeal litigation in the specific context of a mortgage foreclosure dispute, as did the McCarran Amendment with respect to water disputes in *Colorado River*.[23] As for the DJA, that

---

[17] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

[18] "In reviewing a decision to abstain under the *Colorado River* doctrine, we exercise plenary review over legal questions," and "review for abuse of discretion a district court's [ultimate] decision to abstain." *Nationwide*, 571 F.3d at 307. Here, we need not determine whether the federal and state actions were parallel "because, even presuming parallelism, this action does not present the type of circumstances warranting abstention." *Id.* at 307-08 (internal quotation marks and citation omitted).

[19] App. 74.

[20] *Ryan*, 115 F.3d at 198 (emphasis omitted).

[21] 28 U.S.C. § 2283.

[22] 28 U.S.C. § 1441(b)(2).

[23] *See Ryan*, 115 F.3d at 198.

5

statute affords district courts an independent basis for declining jurisdiction, not a basis for abstaining under *Colorado River*.[24] Accordingly, we find no congressional policy on point, and conclude that the District Court erred when it determined the piecemeal litigation factor supported abstention.[25]

Turning now to the other *Colorado River* factors, we recognize that the state court was the first to obtain jurisdiction. We agree that weighed in favor of abstention.[26] However, we cannot say that, on the whole, "the combination of factors counselling against [the] exercise" of jurisdiction presented "the clearest of justifications" for dismissal.[27] "[T]he inconvenience of the federal forum" was a neutral factor, as the defendants concede.[28] The remaining factors cited by the defendants carry little weight. The predominance of state law issues supports abstention only in "rare circumstances," when those issues are unusually "intricate and unsettled."[29] The defendants do not contend that New Jersey foreclosure law is unusually intricate or unsettled. And while the state court could "adequately protect the interests of the parties,"[30] that by itself "does not

---

[24] *See Wilton*, 515 U.S. at 286 (reaffirming that the DJA affords courts "unique and substantial discretion in deciding whether to declare the rights of litigants," and distinguishing that discretion from abstention under *Colorado River*).

[25] *Ryan*, 115 F.3d at 198.

[26] *Nationwide*, 571 F.3d at 308 (factors include "the order in which jurisdiction was obtained" and "[in an *in rem* case,] which court first assumed jurisdiction over [the] property" (alterations in original) (citation omitted)).

[27] *Colorado River*, 424 U.S. at 818-19.

[28] *Nationwide*, 571 F.3d at 308.

[29] *Ryan*, 115 F.3d at 200.

[30] *Nationwide*, 571 F.3d at 308.

6

counsel in favor of abstention, given the heavy presumption [under *Colorado River*] . . .
in favor of exercising federal jurisdiction."[31]

In sum, this case does not satisfy the exceptional circumstances standard, and we
conclude that abstention under *Colorado River* was not a proper basis for dismissal. But
our holding is a narrow one. We do not hold that, on remand, the case must necessarily
survive dismissal. The District Court retains its "unique and substantial discretion" under
the DJA to decline jurisdiction.[32] And that discretion "is significantly greater than under
*Colorado River*."[33] For instance, the District Court's concern about piecemeal litigation
does not move the needle under *Colorado River*, for the reasons we have explained—but
avoiding piecemeal litigation could be a basis to decline jurisdiction under the DJA.[34]

The defendants urge us to affirm on alternative grounds. In effect, they invite us to
exercise the District Court's discretion under the DJA on its behalf. But we think it more
appropriate to remand for the District Court to consider whether it will exercise that
discretion.[35] We likewise decline to address the defendants' *res judicata* and equitable

---

[31] *Ryan*, 115 F.3d at 200.
[32] *Wilton*, 515 U.S. at 286.
[33] *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 285 n.10 (3d Cir. 2017)
(quoting *United States v. Pa. Dep't of Envtl. Res.*, 923 F.2d 1071, 1074 (3d Cir. 1991)).
[34] *See id.* at 283 (listing relevant factors); *State Auto Ins. Cos. v. Summy*, 234 F.3d
131, 135 (3d Cir. 2000), *as amended* (Jan. 30, 2001) ("avoiding duplicative and
piecemeal litigation" weighs in favor of declining jurisdiction under the DJA).
[35] *See Wilton*, 515 U.S. at 289 (discretion to stay or dismiss an action under the
DJA belongs to "district courts . . . in the first instance").

estoppel arguments in the first instance.[36] The defendants may present those arguments to the District Court on remand.

II.

For the foregoing reasons, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.

---

[36] *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 253 n.6 (3d Cir. 2010) ("[W]e ordinarily do not consider issues not addressed by the district court in the first instance.").