<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDITH FARINA *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE BANK OF NEW YORK *et al.*, <br><br> Defendants. | Civil Action No. 15-3395 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on several motions submitted by the parties. First, Defendants The Bank of New York (the "Bank"), Residential Credit Solutions, Inc. ("Residential"), and Mortgage Electronic Registration Systems, Inc. ("MERS," and collectively, "Defendants") move to dismiss pro se Plaintiffs Edith and Emilio Farina's (the "Farinas") Complaint. (ECF Nos. 43, 44.) The Farinas countered with motions seeking an additional declaratory judgment, discovery, and leave to amend their Complaint. (ECF No. 72.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' motions and denies the Farinas' motions.

**I.      BACKGROUND**

This matter originates with the Farinas' purchase of a home in Toms River, New Jersey, in 2007. (Compl. ¶¶ 1, 21-23, ECF No. 1.) To buy this home, the Farinas requested a one-million-dollar mortgage and note (collectively, the "Loan") from Countrywide Home Loans,

Inc. ("Countrywide"). (*Id.* ¶¶ 22, 24.) Countrywide approved the Loan, which entitled the noteholder to foreclose and sell the property if the Farinas failed to make their obligatory payments. (Cert. of Stephen Catanzaro, Esq. ("Catanzaro Cert."), Ex. A ("Mortgage"), ECF No. 43-3.)[1] In the years that followed, the Loan was assigned to the Bank as a trustee for other entities and Residential began servicing the Loan. (Compl. ¶ 7; Catanzaro Cert., Ex. B, ECF No. 43-4.)

In February 2011, the Farinas defaulted and stopped paying their mortgage. (Catanzaro Cert., Ex. C, ECF No. 43-5.)[2] Around three years later, the Bank filed in state court to foreclose on the Farinas' home. (*Id.*) The Farinas had legal counsel and raised several defenses to refute the foreclosure action, including that the Bank lacked standing to foreclose on their home. (Catanzaro Cert., Ex. E, ECF No. 43-7.) But the Farinas lost, and the state court rejected all their defenses in granting summary judgment for the Bank. (Catanzaro Cert., Ex. I, ECF No. 43-11; Ex. K, ECF No. 43-13.) The state court entered judgment in January 2016 but, in July 2017, the Bank voluntarily dismissed the order to allow the Farinas to enter into a loan modification agreement. (Catanzaro Cert. Ex. K, Ex. L, ECF No. 43-14, Ex. O, ECF No. 43-17.) Less than a year later, in March 2018, the Farinas again defaulted and stopped paying their mortgage. (Catanzaro Cert., Ex.

---

[1] The Court may rely on extrinsic documents submitted by Defendants that are not part of the Complaint, so long as they are central to the Complaint. *Borough of Moosic v. Darwin Nat'l Assur. Co.*, 556 F. App'x 92, 95 (3d Cir. 2014). Because the Farinas reference and rely on the various loan instruments throughout the Complaint (*e.g.*, Compl. ¶ 10 (referring to the "imperfect securitization of the Note and the Deed of Trust"), ¶ 19 ("Plaintiffs bring this action . . . concerning a residential mortgage loan transaction and foreclosure action"), ¶ 23), the loan documents, mortgage papers, and related contracts are therefore central to the Complaint.

[2] The Farinas' Complaint is factually bare and provides little information. (*See generally* Compl.) But "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). Here, the Court relies on the exhibits attached to the Farinas' and Defendants' filings for the existence of such litigation and judicial orders, not for the truth of underlying facts. (*E.g.*, Pls.' July 14, 2022 Correspondence, Ex. B (March 2013 state court complaint), ECF No. 86-1.)

O.) So, the Bank again filed to foreclose on the property. (*Id.*; Catanzaro Cert., Ex. P, ECF No. 43-18.) The Farinas raised the same defenses and, again, the state court entered summary judgment against the Farinas in November 2019. (Catanzaro Cert., Ex. Q (Farinas' motion to dismiss challenging the Bank's standing to foreclose), ECF No. 43-19; Ex. V (November 2019 order granting summary judgment), ECF No. 43-24.)

During this multiyear process, the Farinas filed a federal suit in 2015 before the Hon. Peter G. Sheridan, U.S.D.J., shortly after the state court issued summary judgment in the Bank's favor.[3] That is, at the close of the first state court suit, the Farinas moved this Court for declaratory relief. (ECF No. 1.) In their Complaint, the Farinas requested that the Court use its authority under the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201, to adjudicate the rights of Defendants as those rights relate to the Farinas' home. (*See generally* Compl.) After holding oral argument, the Court dismissed the Farinas' Complaint with prejudice under the *Colorado River* doctrine, finding dismissal necessary to "avoid piecemeal litigation," considering the state foreclosure suit. (ECF No. 22.)

The Farinas appealed. The U.S. Court of Appeals for the Third Circuit reversed, finding that although "this case does not satisfy the exceptional circumstances standard . . . under *Colorado River*," the district court's concerns over piecemeal litigation "could be a basis to decline jurisdiction under the [Act]." *See Farina v. Bank of New York ex rel. CHL Mortg. Pass-Through Tr. 2007-8*, No. 15-3679, 2021 WL 4439250, at *3 (3d Cir. Sept. 28, 2021). At bottom, the Third Circuit held that the Court's decision to abstain from the matter under *Colorado River* was in error but elucidated that "[t]he [d]istrict [c]ourt retains its 'unique and substantial discretion' under the

---

[3] This matter was reassigned to the undersigned in May 2022. (ECF No. 73.)

3

[Act] to decline jurisdiction." *Id.* (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). The Third Circuit issued its mandate in October 2021. (ECF No. 39.)

Back again a second time, the parties raised several motions since this case was remanded. First, Defendants moved for dismissal with prejudice. (ECF Nos. 43, 44.) The Farinas opposed (ECF No. 57), then moved for "declaratory judgment" with new claims and sought leave to amend their Complaint, along with a discovery request (ECF No. 72). In turn, Defendants opposed the Farinas expanding their claims through briefing or any further amendment to their Complaint, arguing that either action was improper. (ECF Nos. 76, 77.) The Farinas submitted a series of correspondence and exhibits in further support of their motions. (ECF Nos. 84, 85, 86.) What became of the state court action? From what the Court can glean, the New Jersey court granted the Bank's renewed motion for summary judgment in November 2019, but the final judgment has not issued. (Bank and MERS Mot. to Dismiss 2, ECF No. 44-1.)

Now before the Court are the parties' motions.

## II. LEGAL STANDARD

### A. Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Defendants move to dismiss the Farinas' Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first, because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)).

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1), (h)(3). The Court may treat a party's motion

as either a facial or factual challenge to the court's jurisdiction. *Dickerson*, 2013 WL 1163483, at *1. Typically, "[a] motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). As such, district courts "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's claim must be facially plausible to survive dismissal, such that the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.    **Leave to Amend**

Leave to amend a complaint "shall be freely given when justice so requires." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Factors that may justify denial of leave to amend are undue delay, bad faith, and futility, with prejudice to the

nonmoving party as the touchstone for denial. *Id.* at 204 (citations omitted). "Futility" means that the amended complaint "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (amendment would be futile "if the amended complaint would fail to state a claim for relief under Rule 12(b)(6)").

In addition, "[t]he Third Circuit has held that a motion to amend should be denied when the movant has not attached a proposed amended complaint." *In re Universal Health Servs., Inc., Derivative Litig.*, No. 17-2187, 2020 WL 3620232, at *1 (E.D. Pa. Apr. 29, 2020) (citing *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) (plaintiff's request for leave to amend is improper when plaintiff neglected to attach a draft amended complaint, "a failure that is fatal to a request for leave to amend")).

### III. **DISCUSSION**

At the start of this suit in 2015, the case was straightforward—the Farinas sought a judgment from the Court declaring the legal rights of Defendants vis-à-vis the Farinas' home. (*See generally* Compl.) Seven years and an appeal later, however, this case has transformed into something much bigger, with the Farinas raising allegations that Defendants and the New Jersey judiciary engaged in conspiracy and fraud. (*See, e.g.*, Pls.' June 6, 2022 Correspondence 2-3 ("New Jersey's state judicial system has been completely compromised and has caused its own obstruction of justice."), ECF No. 75.) For the outstanding motions, the Court proceeds as follows: the Court first addresses Defendants' motions to dismiss the Farinas' Complaint. (ECF Nos. 43, 44.) Next, the Court turns to the Farinas' motion to amend their Complaint and motion for declaratory judgment on new issues that have arisen, which the Court construes as an attempt to amend their initial complaint and compel discovery. (ECF No. 72.)

### A. The Court Declines Jurisdiction Under the Declaratory Judgment Act.

The Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Courts have broad discretion in deciding whether to grant relief. *Scottsdale Indem. Co. v. Collazos*, No. 16-8239, 2017 WL 4711451, at *1 (D.N.J. Oct. 20, 2017). It is settled law that the Act "confers discretionary, rather than compulsory, jurisdiction upon federal courts." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). In determining whether to exercise jurisdiction, courts may consider several non-exhaustive factors. *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000), *as amended* (Jan. 30, 2001). These factors include (1) the likelihood that a judicial declaration will resolve legal uncertainties, (2) convenience of the parties, (3) public interest, (4) availability of other remedies, (5) "a general policy of restraint when the same issues are pending in a state court," (6) "avoidance of duplicative litigation," (7) "prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*," and (8) whether the controversy can better be decided in state court. *Reifer*, 751 F.3d at 146 (citing *Brillhart*, 316 U.S. at 495).

For several reasons, the Court declines to exercise jurisdiction under the Act. For starters, it is dubious that there is a "case of actual controversy" before the Court as to MERS and Residential. *See* 28 U.S.C. § 2201(a); *Coleman v. Deutsche Bank Nat'l Tr. Co.*, No. 15-1080, 2015 WL 2226022, at *2 (D.N.J. May 12, 2015) ("Before a federal court may grant a declaratory judgment, there must be a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." (citation omitted)). These entities distanced themselves from the Loan several years back, with no further involvement in the Farinas' home and, accordingly, no involvement in the foreclosure

efforts. (Catanzaro Cert., Ex. C.) So, as for Residential and MERS, any decision from the Court as to their legal rights regarding the Farinas' home would be advisory. *See Christian Coal. of Ala. v. Cole*, 355 F.3d 1288, 1291 (11th Cir. 2004) ("[A] federal court determination of a moot case would constitute an impermissible advisory opinion."). That is, a judicial decree would likely resolve nothing as far as Residential and MERS. *But see Reifer*, 751 F.3d at 140. In rebuttal, the Farinas clarify that "[their] primary goals . . . [are] to find out who the responsible party or parties was/were that caused [the Farinas] harm through their enterprise as well as to make sure [the Farinas] can never be damaged in the same way again." (Pls.' June 6, 2022 Correspondence 7.) Moreover, the Farinas ask the Court to hold Residential and MERS "responsible for the damages" stemming from their past involvement with the Loan. (*Id.* at 9.) But the Court may not issue broad advisory opinions, nor may it grant retroactive relief for damages under the Act. *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, No. 11-5453, 2011 WL 5245192, at *4 (S.D.N.Y. Nov. 2, 2011) ("[D]eclaratory relief is intended to operate prospectively. There is no basis for declaratory relief where only past acts are involved."). So, the Court will do neither.

In any event, in addressing the request for declaratory judgment against Defendants (and specifically, the Bank), the Court examines the factors it finds relevant in determining discretionary jurisdiction. *Reifer*, 751 F.3d at 146. *First*, the Farinas' Complaint and subsequent correspondence leave little doubt that they are indirectly appealing the New Jersey state courts' orders.[4] *But see Travelers Ins. Co. v. Davis*, 490 F.2d 536, 544 n.34 (3d Cir. 1974) ("It is well settled that a declaratory judgment action cannot be used as a substitute for the prosecution of an

---

[4] The Farinas' reassurance that they are not appealing state court decisions is undermined by their recent clarification that they are aggrieved by "misrepresentations made in the [state] court[room] and false certifications submitted in [their] [state] cases." (Pls.' July 14, 2022 Correspondence 2, ECF No. 86.)

8

appeal or a motion for a new trial in the trial court." (citation omitted)). In 2019, the state court issued summary judgment in favor of the Bank and against the Farinas on the issue of the Bank's legal right to foreclose.[5] (Catanzaro Cert. Ex. V.) Should the Farinas wish to challenge that state court order, they must appeal directly, not through a federal suit under the guise of declaratory judgment. *Second*, and relatedly, it is prudent for the Court to exercise "restraint when the same issues are pending in a state court" to prevent "procedural fencing." *Reifer*, 751 F.3d at 146. That is, it will be "uneconomical as well as vexatious" for the Court to declare the rights of parties "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. The Farinas' state court defenses to the Bank's foreclosure action included lack of standing. (Catanzaro Cert., Exs. E, Q.) Here, the Farinas ask the Court to declare the legal rights of the Bank, MERS, and Residential—i.e., which parties have standing to foreclose on the Farinas' home. (*See generally* Compl.) Thus, it is clear the Farinas are challenging the same legal issue here as they are in the still-active state suit. As noted by the Third Circuit in this case, "avoiding piecemeal litigation could be a basis to decline jurisdiction under the [Act]." *Farina*, 2021 WL 4439250, at *3 (citing, among others, *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 283 (3d Cir. 2017)). *Third*, neither the public nor the parties benefit from the tentacles of the Farinas' foreclosure suit reaching into federal court. That is because state courts are more than equipped to handle foreclosure actions under state law and, in this case, no one benefits from the intrusion of a federal court into the fray. *Scottsdale Ins. Co. v. Broaddus*, No. 08-3241, 2009 WL 349697, at *9 (E.D. Pa. Feb. 11, 2009) (district court failed to "see how the public interest is served by a federal court (rather than a state court) resolving"

---

[5] Although the *Rooker-Feldman* doctrine does not control because the state court order is not final, the ongoing state litigation remains of consequence as to whether this Court should intervene here. (Catanzaro Cert. Ex. Z, ECF No. 43-28; *Day v. Fla.*, 563 F. App'x 878, 880 (3d Cir. 2014).)

9

state law issues). *Finally*, the doctrine of collateral estoppel further weighs against allowing the Farinas to relitigate the same issue in a different judicial forum. *See In re Brown*, 951 F.2d 564, 569 (3d Cir. 1991) ("Unlike claim preclusion, the effectiveness of issue preclusion, sometimes called collateral estoppel, does not require the entry of a judgment, final in the sense of appealable."). The Court will not disturb the state court's summary judgment order.

In sum, the Court exercises its discretion to decline jurisdiction under the Act. For years the Farinas raised the same arguments before the state court to no avail. Simple disagreement with the outcome of that suit does not fling open the doors to the federal courthouse. So, the Court keeps the doors shut. The Court dismisses the Farinas' Complaint.

### B. The Court Denies Leave to Amend.

In May 2022, the Farinas filed a motion seeking leave to amend their Complaint. (ECF No. 72.) Generally, plaintiffs seeking leave to amend are mandated to submit a proposed amended complaint. *See* L. Civ. R. 15.1 (a motion to file an amended pleading shall include "a copy of the proposed amended pleading" and "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend"). Here, the Farinas did not include a proposed amended complaint but rather represented that they "cannot currently submit a complete[] proposed complaint" because the matter is "unique." (Pls.' May 2, 2022 Correspondence 10, ECF No. 72-3.) But from what the Farinas broadcast, they would seek to add at least 14 claims ranging from negligence to conspiracy to abuse of process. (*Id.* at 11.) The Farinas also imply that they seek to either directly charge Defendants and members of the New Jersey judiciary with criminal conduct or have the Court do so. (July 14, 2022 Correspondence 4 ("[I]ndividuals in the state court must know that this [C]ourt has the ability to bring any perpetrators to light and justice.").) Defendants oppose, arguing that the Farinas' attempt to expand

10

the scope of this lawsuit through briefing is unfounded and prejudicial, not to mention procedurally deficient. (*See* Bank and MERS's Opp'n Br. to Pls.' Mots., ECF No. 76.)

The Court denies the Farinas' motion to amend their Complaint. *See* L. Civ. R. 15.1. The Farinas failed to attach an amended complaint and, therefore, the Court cannot ascertain whether it would be futile to allow amendment.[6] (Pls.' June 28, 2022 Correspondence 1 n.3 ("[The Farinas] intentionally did not attach a proposed amended complaint . . . because [the Farinas] want the motion for declaratory relief ruled on first."), ECF No. 84.) Moreover, the Court is concerned about the Farinas' attempt to introduce criminal charges, sue the New Jersey judiciary for claims that would not survive judicial immunity, or otherwise deviate substantially in scope and conduct from the original declaratory judgment action filed in 2015. (*See generally* Pls.' May 2, 2022 Correspondence. *But see Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." (citation omitted)). Should the Farinas seek to raise claims that have arisen during their state court litigation since 2015, that is their prerogative. But that is neither here nor there because the Farinas failed to attach a copy of the proposed amended complaint. *See* L. Civ. R. 15.1. What's more, no amendment by the Farinas would impact the Court's decision to decline jurisdiction to declare Defendants' legal rights in relation to the Farinas' home. Thus, the Court

---

[6] It bears noting that in November 2021, the Hon. Douglas E. Arpert, U.S.M.J., charted a cogent and practical plan forward in this case that did not include the Farinas amending their Complaint to add a slew of new claims and defendants. (*See* ECF Nos. 41, 42.)

denies the Farinas' request for leave to amend.[7] The Court also denies their alternative means of amending the Complaint through briefing.[8] (*See* ECF No. 72.)

IV. **CONCLUSION**

For the above reasons, the Court grants Defendants' motions to dismiss and denies the Farinas' motions. The Court dismisses the Complaint with prejudice and will issue an order consistent with this Memorandum Opinion.

                                                                                          /s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[7] The Farinas also move for additional discovery in this action. (Pls.' May 2, 2022 Correspondence 13 ("Additionally, we ask the [C]ourt to immediately restart the discovery process . . . .").) Because the Court dismisses the Farinas' Complaint with prejudice and denies them leave to amend, the Court also denies their request for discovery as moot.

[8] Although labeled as a "Motion for Declaratory Relief," the Farinas attempt to expand the scope of their suit to include various parties and new claims, such as the Court declaring certain individuals responsible for "illegal and fraudulent actions" against the Farinas. (Pls.' Mot. for Decl. Relief 1, ECF No. 72.) The Farinas represent that the "facts [of this suit] are substantially more detailed" than when they filed the Complaint in 2015. (Pls.' Opp'n Br. 1, ECF No. 55.) Accordingly, they look to embark on an expedition to find out "who is responsible for the incredibl[e] amount of fraud" against them. (*Id.* at 4.) But the Farinas may not amend their Complaint through briefing. *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 387 (D.N.J. 2019).