**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDITH FARINA *et al.*, <br>      Plaintiffs, <br><br> v. <br><br> THE BANK OF NEW YORK *et al.*, <br><br>      Defendants. | Civil Action No. 15-3395 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs Edith Farina and Emilio Farina's (collectively, "the Farinas") Motion to Alter or Amend a Judgment under Federal Rule of Civil Procedure 59(e) ("Motion"). (ECF No. 89.) The Farinas filed additional briefing. (ECF No. 91.) Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Residential Credit Solutions ("Residential"), and The Bank of New York (the "Bank," and collectively with MERS and Residential, "Defendants") opposed. (ECF Nos. 94, 95.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies the Farinas' Motion.

**I.  BACKGROUND**

The Court adopts and incorporates by reference the procedural and factual background detailed in its July 29, 2022, Memorandum Opinion ("Opinion"). *See Farina v. Bank of New York*, No. 15-3395, 2022 WL 3020127 (D.N.J. July 29, 2022) (ECF No. 87.) In its Opinion, the Court denied the Farinas' motion seeking declaratory judgment, additional discovery, and leave to amend their Complaint (ECF No. 72), and conversely, granted Defendants' Motions to Dismiss the

Complaint (ECF Nos. 43, 44). In doing so, the Court declined jurisdiction under the Declaratory Judgment Act (the "Act") on several bases, including a lack of actual controversy, an improper attempt by the Farinas to indirectly appeal state court orders, the Court's desire to avoid piecemeal litigation, a lack of public or private benefit from the federal court's involvement in this foreclosure suit, and the doctrine of collateral estoppel. *See Farina*, 2022 WL 3020127, at *4. As to the Farinas' attempt to add to their Complaint counts of fraud and other common law actions, the Court found that this opportunity was foreclosed when the Farinas failed to abide by the local rules and attach an amended Complaint. *Id.* at *5. To be sure, the Farinas requested a wide expansion of the suit, adding numerous counts and new defendants. *Id.*

Less than a month after the Court dismissed this suit, the Farinas are back. (Pls.' Moving Br., ECF No. 91.) They filed a motion asking the Court to alter or amend its judgment and seeking the Court's reconsideration of its ruling. (*Id.*) In support of their attempt to reignite their federal suit, the Farinas raise several issues. (*Id.*) The Farinas' grievances with the Court's ruling can be categorized into two buckets. The first bucket entails the Farinas' concern that the Court overlooked relevant law. (*See generally id.* at 17-21.) Second, the Farinas allege that the Court relied on factual misrepresentations of the matter, resulting in an incorrect decision.[1] (*See generally id.* at 21-26.) According to the Farinas, these errors result in a grave manifest injustice, one which they ask the Court to correct. (*See generally id.*)

---

[1] The Farinas also ring alarm bells about widespread fraud. (*See generally* Pls.' Moving Br.). But as stated in the Court's prior decision, this is not a fraud case, nor have the Farinas made any non-conspiratorial allegations of fraud. *See Farina*, 2022 WL 3020127, at *5 ("[The] Court is concerned about the Farinas' attempt to introduce criminal charges, sue the New Jersey judiciary for claims that would not survive judicial immunity, or otherwise deviate substantially in scope and conduct from the original declaratory judgment action filed in 2015."). The Court will not address new allegations not raised in the Complaint on a motion for reconsideration.

2

## II. LEGAL STANDARD

The scope of a motion brought pursuant to Federal Rule of Civil Procedure 59(e) is extremely limited.[2] *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citing *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). A motion for reconsideration is not an avenue for parties to raise novel issues, nor is it an opportunity to unearth arguments that could have been raised in the initial litigation. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Fiorello v. Santander Bank*, No. 19-10542, 2021 WL 1175266, at *1 (D.N.J. Mar. 27, 2021) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) ("A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made.")). The Court may only alter or amend a judgment under Rule 59(e) if the moving party can establish "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (alterations in original and internal citations omitted). "[A] district court has considerable discretion to decide whether reconsideration is necessary to prevent manifest injustice." *Valcom, Inc. v. Vellardita*, No. 13-3025, 2014 WL 2965708, at *2 (D.N.J. July 1, 2014) (quoting *Disability Rights N.J., Inc. v. Velez*, No. 05-4723, 2010 WL 5055820, at *2 (D.N.J. Dec. 2, 2010)).

## III. DISCUSSION

First, the Court will review the Farinas' claim that the Court overlooked binding caselaw. Then, the Court will review the alleged factual misrepresentations raised by the Farinas. As

---

[2] Hereafter, references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

detailed below, the Farinas failed to demonstrate any grounds for vacating the Court's prior decision.

To begin, the Farinas provide case law which they surmise weighs against the Court's legal decision. (*See* Pls.' Moving Br. 17-21.) However, these cases have little, if anything, to do with a district court's decision to decline jurisdiction under the Act or leave to amend. (*See generally id.*) Rather, the cases cited by the Farinas relate to the authentication and assignment of a mortgage. (*E.g., Wells Fargo Bank, N.A. v. Ford*, 15 A.3d 327, 331 (N.J. Super. Ct. App. Div. 2011) (rejecting consideration of an unauthenticated mortgage assignment on a motion for summary judgment); *Deutsche Bank Nat'l Tr. Co. v. Mitchell*, 27 A.3d 1229, 1236 (N.J. Super. Ct. App. Div. 2011) (determining that an imperfect assignment cannot be used to demonstrate standing).) Therefore, because the Court examines only relevant legal authorities, these unrelated matters will not be considered. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, will it entertain such a motion.") (citation omitted).[3]

Related to the Farinas' grievances about case law, they also believe that the Court's decision "flies in the face of the 'liberal' permission [the Farinas] are entitled to for amendments." (Pls.' Moving Br. 66.) But the Farinas conveniently glide past their disregard of the requirement for leave to amend in the Third Circuit by failing to attach a proposed amended complaint. *See In*

---

[3] The Farinas are correct that courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them by Congress." (Pls.' Moving Br. 55-56 (quoting *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) (internal quotations and citations omitted)).) Nevertheless, this general legal principle does not bury the unique and substantial discretion given to federal courts by the Act. *See Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017). As noted by the Third Circuit in this matter, there exists grounds for which the Court may decline jurisdiction under the Act, which is precisely what the Court did. *Farina v. Bank of N.Y. ex rel. CHL Mortg. Pass-Through Tr. 2007-8*, No. 15-3679, 2021 WL 4439250, at *3 (3d Cir. Sept. 28, 2021).

4

*re Universal Health Servs., Inc., Derivative Litig.*, No. 17-2187, 2020 WL 3620232, at *1 (E.D. Pa. Apr. 29, 2020).

Moving forward, the remainder of the Motion proffers a series of factual misrepresentations allegedly made by Defendants and, consequently, by the Court. (Pls.' Moving Br. 21-26.) Indeed, according to the Farinas, the Court and Defendants totaled up a tab of over thirty erroneous statements. (*Id.* at 21.) Because the Farinas initiated this litigation with barebone allegations, the Court was required to rely on the existence (but not necessarily the accuracy) of state court filings and orders. (*See generally* Compl., ECF No. 1.) The Farinas' major issue with the Court's recitation of the facts is the reliance upon a certification by attorney Stephen Catanzaro (the "Catanzaro Cert."). (Pls.' Moving Br. 23-24.) Specifically, the Farinas allege that evidence of the loan assignments should not be considered because they were falsified, and the loan modification was signed under duress, among other things. (*Id.* at 15, 25, 29.) Yet only a handful of the alleged factual inaccuracies can be deemed relevant to the Court's discretionary decision to decline to exercise jurisdiction under the Act or its decision to deny the Farinas' motion to amend the complaint. Despite that fact, the Farinas continue to litigate the merits of this case and cry foul as to their now decade-long foreclosure proceeding. (*Id.* at 1 ("[D]id any of these three defendants have the right to enforce a promissory note and proceed to foreclosure[?]").) The state courts decided this issue long ago and, as the Court previously indicated, it will not disturb that ruling. (*See* Catanzaro Cert. Ex. K, ECF No. 43-13; Catanzaro Cert. Ex. L, ECF No. 43-14; Opinion, ECF No. 87). Further, mere disagreements with the Court's decision are a basis for appeal and not reconsideration. *See Compaction Sys.*, 88 F. Supp. 2d at 345 ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion

for reargument."). If the Farinas believe that the Court erred, then they must appeal.[4] Until then, the Court will not disturb its prior decision.

## IV. CONCLUSION

For the above reasons, the Court denies the Farinas' Motion. (ECF Nos. 89, 91.) The Court will enter an Order consistent with this Memorandum Opinion.

*Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] The Court expresses no opinion as to the timeliness of the Farinas' appeal, should they choose to do so.