**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDITH FARINA *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK *et al.*,<br><br>Defendants. | Civil Action No. 15-3395 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on a Motion for Recusal filed by Plaintiffs Edith Farina and Emilio Farina (collectively, the "Farinas" or "Plaintiffs") pursuant to 28 U.S.C. §§ 144 and 455. (ECF No. 110.) Defendants Residential Credit Solutions ("Residential") and The Bank of New York (the "Bank", and collectively with Residential, "Defendants") opposed. (ECF Nos. 111-12, 114-15.) The Farinas filed additional briefing. (ECF Nos. 113, 116.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies the Motion.

**I.   BACKGROUND**

    The procedural and factual background of this dispute is explained in the Court's Memorandum Opinions dated July 29, 2022 (the "July Opinion") (ECF No. 87) and November 28, 2022 (the "November Opinion") (ECF No. 102), both of which the Court adopts and incorporates by reference. The relevant procedural history is summarized as follows.

On July 29, 2022, the Court dismissed the Farinas' Complaint with prejudice. (ECF No. 87.) In doing so, the Court granted Defendants' Motion to Dismiss the Complaint (ECF Nos. 43-44) and, conversely, denied the Farinas' Motion seeking declaratory judgment, additional discovery, and leave to amend their Complaint (ECF No. 72).

On November 28, 2022, the Court denied the Farinas' Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 102.) In denying the Farinas' Motion for Reconsideration of the Court's dismissal of the case, the Court opined that the Farinas failed to demonstrate any grounds for vacating the Court's prior decision in the July Opinion. (*Id.* at 3-4.) Further, the Court stated that: "If the Farinas believe the Court erred, then they must appeal. Until then, the Court will not disturb its prior decision." (*Id.* at 6.)

On December 15, 2022, the Farinas filed a Notice of Appeal, appealing the Court's decision in the November Opinion and accompanying Order. (ECF No. 108.) Thereafter, on January 14, 2023, while their appeal remains pending before the Third Circuit, the Farinas filed the instant Motion to Recuse the Undersigned from this case due to alleged financial and personal ties to the Bank's accountant. (Pls.' Moving Br., ECF No. 110.)

## II.  **LEGAL STANDARD**

Under §144, a judge must recuse himself if a party files a "timely and sufficient affidavit" establishing that the judge has a "personal bias or prejudice against the party seeking recusal, or in favor of the adverse party." 28 U.S.C. § 144. In order to succeed on a recusal motion, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

Next, Section 455(a) provides that "[a]ny . . . judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under Section 455(a) is an objective one. *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003).

Under either statute, the party requesting recusal must generally rely on extrajudicial conduct in order to demonstrate bias, thus,

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Id.*; *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.")

### III. <u>DISCUSSION</u>

The Court finds that it lacks jurisdiction to grant recusal during the pendency of Plaintiffs' appeal. While Plaintiffs' appeal (ECF No. 108) was pending, Plaintiffs filed the instant Motion. "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). The Opinions that Plaintiffs argue exhibit bias and partiality towards them in their recusal motion are also the basis of their appeal to the Third Circuit. This Court, therefore, has been divested of its power to act and lacks jurisdiction to decide Plaintiffs' Motion. *See Thomas v. Northeastern Univ.*,

470 F. App'x 70, 71 (3d Cir. 2012) (affirming district court's denial of motions for default judgment and to amend because the plaintiff's appeal divested the district court of jurisdiction).[1]

## IV. CONCLUSION

For the reasons stated above, the Court denies the Farinas' Motion. (ECF No. 110.) The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE

---

[1] Even if this Court did have jurisdiction, the Court finds that Plaintiffs' arguments for recusal are without merit. The Undersigned was assigned to this case on May 2, 2022 (ECF No. 73), and as such, has presided over a limited number of proceedings over the course of this litigation. Here, the alleged financial interests raised by Plaintiffs are too remote to support recusal. *See, e.g., In re Merrill Lynch & Co., Inc.*, 305 F. Supp. 2d 323, 326 (S.D.N.Y. 2004). For example, the Farinas state that the Undersigned's wife was previously employed as a Vice President at Bank of America, a bank that the Farinas had unsuccessfully attempted to add as a defendant in the First Amended Complaint. (Pls.' Moving Br. 3-4.) Plaintiffs also allege that the Undersigned has a financial interest in the matter because his wife's former employer, KPMG, is the accountant for the bank. (*Id.*) The Undersigned's wife, however, was employed at Bank of America approximately sixteen years ago. Moreover, the alleged conflict based on the Undersigned's wife's former employer's accountant, which is not a defendant in this matter, are far too attenuated to present a conflict. Here, Plaintiffs' arguments that the Court has acted in a prejudicial manner are based on their dissatisfaction with the Court's decisions and rulings. *See In re TMI Litig.*, 193 F.3d 613, 729 (3d Cir. 1999) (stating that "adverse rulings do not warrant disqualification"); *Smith v. Vidonish*, 210 F. App'x 152, 155 (3d Cir. 2006) (holding that conclusory statements in a recusal affidavit need not be credited). Plaintiffs fail to point to any evidence or facts in the record that would support a conclusion that a reasonable person would doubt the Court's impartiality in issuing its Opinions. Additionally, the Court finds that no other indication of partiality or bias requires recusal. Recusal, therefore, is not proper.